IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquis Breeland, | C/A No. 0:18-2152-JMC-PJG |
| Petitioner, | |
| v. | **ORDER** |
| Warden, *Perry Correctional Institution*, | |
| Respondent. | |

The petitioner, Marquis Breeland, a self-represented state prisoner, filed this action pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Breeland's motion for default judgment. (ECF No. 17.)

Breeland appears to argue that default judgment is appropriate because the respondent did not timely file an answer. Breeland is in error. First, default judgments are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, C/A No. 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. 2008). Moreover, the court observes that the respondent requested and was granted two extensions of time to file his return,

which extend his deadline to respond until November 30, 2018.  (See ECF Nos. 8, 9, 12, & 13.)  The respondent filed his return on November 29, 2018.  (ECF No. 18.)  It is therefore

**ORDERED** that Breeland's motion is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 10, 2019
Columbia, South Carolina