# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Marquis Breeland, | ) |
| Petitioner, | ) Civil Action No.: 0:18-cv-02152-JMC |
| v. | ) **ORDER** |
| Warden, Perry Correctional Institution, | ) |
| Respondent. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 20, 2019. (ECF No. 35.) The Report recommends that the court grant Respondent Warden of Perry Correctional Institution's ("Respondent") Motion for Summary Judgment (ECF No. 19) and deny Petitioner Marquis Breeland's ("Petitioner") Petition for a Writ of Habeas Corpus (ECF No. 1). (*Id.* at 16.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 35), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19), and **DENIES** Petitioner's Petition (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 35 at 1–6.) As brief background, Petitioner, proceeding *pro se* and *in forma pauperis*, filed the instant Petition on August 2, 2018, pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) Petitioner raises three different grounds for ineffective assistance of counsel

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). The envelope containing

1

under the Sixth Amendment of the United States Constitution. (*Id.* at 5–9.) On November 29, 2018, Respondent filed a Motion for Summary Judgment. (ECF No. 19.) The Magistrate Judge issued a *Roseboro* Order[2] on November 29, 2018, and advised Petitioner of the consequences of failing to respond to Respondent's Motion. (ECF No. 20.) On that same day, the *Roseboro* Order was mailed to Petitioner. (ECF No. 21.) Petitioner responded in opposition to Respondent's Motion on January 10, 2019. (ECF No. 28.)

The Magistrate Judge filed the Report on February 20, 2019. (ECF No. 35.) First, the Report found that Petitioner was in procedural default for Grounds Two and Three of his Petition. (*Id.* at 10–11.) Second, the Magistrate Judge determined that Petitioner "failed to show that the [post-conviction relief] [("PCR")] court's findings as to trial counsel are contrary to, or an unreasonable application of, clearly established law, or are the result of an unreasonable determination of the facts." (*Id.* at 15–16.) Specifically, the Magistrate Judge concluded that the PCR court "reasonably found that there was no resulting prejudice" from his trial counsel's performance. (*Id.* at 16.) For those reasons, the Magistrate Judge recommended that the court grant Respondent's Motion for Summary Judgment (ECF No. 19) and deny Petitioner's Petition (ECF No. 1). (*Id.*)

The parties were apprised of their opportunity to file specific, written objections to the Report on February 20, 2019. (*Id.* at 17.) Petitioner filed an Objection to the Report on February 27, 2019.[3] (ECF No. 37-1 at 1.) Within his Objection, Petitioner does not mention any issues with

---

Petitioner's Petition indicates, by stamp, that it was delivered to prison officials on August 2, 2018. (ECF No. 1-1 at 1.) Therefore, pursuant to *Houston*, Petitioner's Petition was filed on August 2, 2018. 487 U.S. at 275.

[2] *Roseboro* requires district courts to provide an explanation of summary judgment procedures for *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[3] The envelope containing Petitioner's Objection indicates, by stamp, that it was delivered to prison officials on February 27, 2019. (ECF No. 37-1 at 1.)

the Magistrate Judge's Report. (*See* ECF No. 37 at 1.) Instead, Petitioner reargues that "no one" observed him "at the scene where the crime took place." (*Compare* ECF No. 37 at 1, *with* ECF No. 28 at 1.) Respondent did not respond to either the Report or Petitioner's Objection.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a

manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

On February 20, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file *specific*, written objections to the Report. (ECF No. 35 at 17.) Petitioner's Objection restates arguments he advanced in his Response to Summary Judgment and, therefore, "do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of *specific*, written objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept a recommendation. *See Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 35.) Accordingly, construing Plaintiff's Objection liberally, the court finds he failed to advance any specific objections to the Report, and the court adopts the Report herein because it does not contain clear

error. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 35) and incorporates it herein. Accordingly, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19) and **DENIES** Petitioner's Petition for Writ of Habeas Corpus without prejudice (ECF No. 1).

### Certificate of appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 30, 2019
Columbia, South Carolina